UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | W-23-CR-234 (39) |
| | * | |
| JUAN SANTOS PIEDRA | * | |

**ORDER OF DETENTION PENDING SENTENCING**

On this day came on to be heard the Defendant's Motion to Reconsider Bond (ECF No. 869), and the Court having heard the evidence and arguments of counsel presented hereby finds:

This Defendant recently entered a plea of guilty to the offense of conspiracy to possess with intent to distribute and to distribute at least 5 kilograms of cocaine. The range of punishment upon sentencing is a minimum mandatory of ten (10) years and a maximum of life imprisonment. Sentencing is currently set for May 29, 2024 before Judge Alan D Albright.

As Defendant has plead guilty to the offense, his detention is governed by 18 U.S.C. § 3143. FED. R. CRIM. P. 46(c). Under that section, the Defendant is required to be detained pending sentencing unless the Court finds by clear and convincing evidence that he "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) (holding that "[t]he decision to detain [a defendant] after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) (holding that "[a] defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal

Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that he or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

The Court held a hearing at which Defendant presented no new evidence and confirmed that no new facts had been developed since Defendant was ordered detained before he pled guilty. After hearing arguments of counsel, the Court found that Defendant failed to demonstrate by clear and convincing evidence that he is not likely to flee or that he does not pose a danger to any other person or the community. Accordingly, the Defendant is ordered detained and committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending sentencing.

SIGNED AND ENTERED this 17th day of April, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE